UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED K. NASSER,

        Plaintiff,                        Case No. 12-12151

v.                                             Paul D. Borman
                                                 United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                        Laurie J. Michelson
                                                 United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER
(1) DENYING DEFENDANT'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
(4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND
(5) REMANDING THE DECISION PURSUANT TO 42 U.S.C. § 405(g) FOR FURTHER
PROCEEDINGS**

This matter is before the Court on Defendant Commissioner of Social Security's ("Defendant") Objections to Magistrate Judge Laurie Michelson's April 16, 2013 Report and Recommendation. (Dkt. No. 17, Objection). The Plaintiff filed a response to Defendant's Objection. (Dkt. No. 18). Having conducted a *de novo* review of the part of the Magistrate Judge's Report and Recommendation to which the objection has been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Defendant's Objection, adopts the Magistrate Judge's Report and Recommendation, grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the decision pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

**I. BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the

Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (Dkt. No. 16, Report and Recommendation at 2-10). Briefly, the Plaintiff, Ahmed Nasser, filed the instant claim for disability insurance benefits and supplemental security income on August 21, 2008, alleging he became unable to work on June 8, 2007 after falling from a platform on a ship's deck and injuring his back. (Tr. 11, 16). His application for benefits was denied in October of 2008 and thereafter Plaintiff requested an administrative hearing. (Tr. 27-63). This hearing was held on August 26, 2010 before ALJ John J. Rabaut. (*Id.*). Plaintiff was 36 years old at the time of his most recent administrative hearing and alleged a back injury and associated pain as the reason for his disability.

In his October 20, 2010 decision, the ALJ applied the five-step sequential analysis through step five and found that Plaintiff was not disabled. (Tr. 11-21). Specifically, at step one, the ALJ held that Plaintiff had not engaged in any substantial gainful activity since his alleged disability onset date of June 8, 2007. (Tr. 13). At step two of the analysis, the ALJ found Plaintiff had the following severe impairment: L4 radiculopathy status post L4-5 laminectomy and discectomy. (Tr. 13). At step three, the ALJ concluded that this impairment did not meet or medically equal a listed impairment. (Tr. 14). Between steps three and four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) and requires a sit/stand at will option; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, but no crawling; work would be limited to jobs that could be performed while utilizing a handheld assistive device for prolonged ambulation or uneven terrain; the contralateral upper extremity could be used to carry objects up to the exertional limitation; must avoid all use of moving machinery; must avoid all exposure to unprotected heights; and work would be limited to simple, routine, and repetitive tasks,

>performed in a work environment free of fast-paced production, involving only simple work-related decision, with few, if any workplace changes.

(Tr. 15). At step four of the analysis, the ALJ also determined that Plaintiff did not have any past relevant work. (Tr. 19). Ultimately, at step five, the ALJ determined that sufficient jobs existed in the national economy for someone of Plaintiff's age, education, work experience, and residual functional capacity. (Tr. 20). Therefore, the ALJ held Plaintiff was not disabled. (Tr. 20). The Appeals Council denied Plaintiff's request for review on April 20, 2012, and thereafter the ALJ's decision became the final decision of the Commissioner of Social Security. (Tr. 1).

Plaintiff filed this Complaint on May 12, 2012, challenging the denial of benefits. (Dkt. No. 1). The parties filed cross motions for summary judgment which were referred for decision to Magistrate Judge Michelson. (Dkt. Nos. 9 & 14). On April 16, 2013, the Magistrate Judge issued a Report and Recommendation which recommended granting in part Plaintiff's motion for summary judgment, denying Defendant's motion, and remanding the matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Dkt. No. 16).

Defendant filed an objection to the Report and Recommendation that is currently before the Court (Dkt. No. 17) and Plaintiff filed a reply to that objection (Dkt. No. 18). For the reasons that follow, the Court denies Defendant's objection, adopts the Magistrate Judge's Report and Recommendation, grants in part Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and remands the action to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b);

*Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and were made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id*. (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

### III. ANALYSIS

Defendant objects to the Magistrate Judge's finding that the ALJ did not fully comply with the explanatory requirement of the treating-physician rule. Defendant contends that the Magistrate Judge misconstrued this requirement and wrongly held that the ALJ had to set forth a detailed and exhaustive analysis of all five factors set forth in the regulation. (Dkt. No. 17 at 1-2).

Generally, a treating physician's opinion receives "considerable, though not always controlling, weight." *Fisk v. Astrue*, 253 Fed. App'x 580, 584 (6th Cir. 2007) (citing 20 C.F.R. §

404.1527(d)(2) (now in § 404.1527(c)(2)).[1] The regulations provide that an ALJ may give controlling weight to a treating source's opinion under the treating-physician rule only if it is both well supported by medically acceptable data and it is not inconsistent with other substantial evidence. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R. § 404.1527(d)(2). However, when an ALJ determines that a treating physician's opinion is not entitled to "controlling weight" the inquiry does not stop. "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citing SSR 96-2 (1996), 1996 WL 374188, at *4). Therefore, as the United States Court of Appeals for the Sixth Circuit recently explained:

> Even when not controlling [] the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Rogers*, 486 F.3d at 242. In all cases, the treating physician's opinion is entitled to great deference even if not controlling. *Id.*

*Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (explaining that if an "ALJ declines to give a treating source's opinion controlling weight, *he must then balance the [20 C.F.R. 404.1527(d)(2)] factors* to determine what weight to give it".) (emphasis added). The rationale mandating that an ALJ provide "good reasons" for discounting a treating physician's opinion is two-fold:

> [f]irst, the explanation lets claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled

---

[1] The Court cites to the version of 20 C.F.R. § 404.1527 that was in effect when the ALJ issued his decision in this matter (October, 2010). This regulation was later amended by the removal of paragraph (c) and the designation of paragraphs (d) through (f) as paragraphs (c) through (e). *See* 77 Fed. Reg. at 1065-57 (2012).

> and therefore might be bewildered when told by an administrative bureaucracy
> that she is not, unless some reason for the agency's decision is supplied.  Second,
> the explanation ensures that the ALJ applies the treating physician rule and
> permits meaningful appellate review of the ALJ's application of the rule.

*Rogers*, 486 F.3d at 242 (citation omitted) (internal quotation marks omitted); *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2) (there is a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion.").

In determining that Dr. Sophia Grais' opinion was not entitled to controlling weight, the ALJ stated: "Dr. Grais['] opinion is given limited weight because it is internally inconsistent and is not based upon objective evidence." (Tr. 18).  The ALJ then explained that Dr. Grias' opinion in June 26, 2008 that Plaintiff had "reached maximum medical improvement and he was capable of exertion at the light physical demand level" and her January 15, 2009 opinion that Plaintiff was permanently disabled were inconsistent and surmised that the later opinion was based only on Plaintiff's report that he had trouble lifting his new 15 pound baby.  (*Id.*).  The ALJ also noted that in August 2010 Plaintiff had good range of motion in his lower extremities and medical scans showed "normal alignment of the lumbar spine." (*Id.*).   The ALJ then recognized that "[l]ater scans showed additional mild underlying congenital narrowing, and an EMG showed radiculopathy.  But, these are not disabling reports."[2]  Finally, the ALJ found that Dr. Henry Tong's August 2008 opinion that Plaintiff could benefit from injections and a spinal cord simulator was at odds with Dr. Grias' assessment in June, 2008 that he had reached maximum

---

[2] The Court notes that while the ALJ finds that these tests do not suffice for a "disabling report", he fails to explain or cite to a medical opinion upon which he bases that medical opinion.

6

medical improvement. (*Id.*).

In the present case, the Magistrate Judge found that it was reasonable for the ALJ to give Dr. Grias' opinion less than controlling weight given the lack of objective testing between her June 2008 opinion in which she opined he had reached maximum medical improvement and was capable of exertion at the light physical demand level and her January 2009 opinion in which she found that plaintiff was permanently disabled. (Dkt. No. 16 at 16-17; Tr. 18). However, the Magistrate Judge also found that the ALJ erred by failing to give good reasons for assigning Dr. Grias' opinion "limited weight". (*Id.*). The Magistrate Judge concluded that because the ALJ failed to balance or "make plain that he considered these factors" set forth in § 404.1527(d) it is "not presently clear that substantial evidence supports assigning Dr. Grias' opinion 'limited' weight". (Dkt. No. 20).

Defendant argues that the Magistrate Judge misconstrued the treating physician rule because the ALJ did not have to set forth an "exhaustive factor-by-factor analysis". *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2011). Further, the Defendant claims that even though the ALJ did not actually discuss the factors enumerated in § 404.1527, he was aware of them as illustrated in his recitation of Plaintiff's medical history and his explanation of the inconsistencies in her opinion.

While the Court recognizes that an ALJ need not set forth each enumerated factor and discuss each factor in an exhaustive analysis, *see Francis*, 414 Fed. App'x at 804, the Court also recognizes that the decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2, 1996 WL 374188 at *4. In *Fisk*, the Sixth Circuit held that

an ALJ had failed to set forth "good reasons" to support his finding that a treating source's opinion was not entitled to controlling or deferential weight.  253 Fed. App'x at 584.  While the ALJ in *Fisk* provided reasons for this decision (noting that the doctor's recommended limitations were supported by the record and setting forth those citations), the Sixth Circuit still found that the ALJ had failed to give "good reasons" as required by the regulations.  *Id*.   The Sixth Circuit explained that "a finding that a treating source's medical opinion is inconsistent with other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected [,] [t]reating source medical opinions are still entitled to deference and *must be weighed using all of the factors provided in 20 CFR 404.1527*."  *Id*. at 585.  (emphasis in original) (internal quotation marks omitted).  The Sixth Circuit went on to find that the regulations required the ALJ to account for the nature and extent of the treating physician's treatment relationship with the plaintiff including the kinds and extent of examinations and testing that the doctor had performed or ordered.  *Id*. (citing 20 C.F.R § 404.1527(d)(2)(ii)).  Specifically, the Sixth Circuit found that where a treating source had referred the plaintiff to numerous specialists and "made recommendations that accounted for a year's worth of specialists' opinions", the ALJ was required to give "some indication that the ALJ at least considered these facts" before limiting or rejecting the treating source's opinion.  *Id*. at 585.

The instant case is analogous to *Fisk*.  In this case, the ALJ found that Dr. Grias' opinion was entitled only to "limited weight" because it was inconsistent and not based on objective tests.  The ALJ cited and explained this fact.  However, the ALJ's narrative failed show that he balanced or considered any of the *other* factors set forth in the regulations in reaching this

conclusion: namely the nature and extent of treatment relationship, the specialization of the treating source, and the consistency of the opinion with the record as a whole.

Dr. Grias had been treating Plaintiff for three years and had evaluated him no less than 16 times. (*See* Tr. 326, 328, 338, 341, 344, 347, 350, 353, 356, 375, 384, 395, 398, 442, 446, 450). Dr. Grias reviewed all or almost all of the objective medical evidence and was aware of all of the other findings by the other physicians who evaluated Plaintiff. This is a similar circumstance to *Fisk*, where the treating physician had a substantial treating relationship with the plaintiff and had referred him to multiple specialists and ordered a number of tests. *Fisk*, 253 Fed. App'x at 585. The Sixth Circuit held in *Fisk* that "[a]bsent a 'sufficiently specific' explanation" of the nature and extent of the treating relationship the court could not engage in a "meaningful review of the reasons for the weight that the ALJ" gave to the treating physician's opinion. *Id*. This, too, is the case in the current action.

Defendant claims that the ALJ's recitation of Plaintiff's medical visits with Dr. Grias makes clear that he was aware of and considered the treating relationship. However, the mere recitation and summary of Plaintiff's medical visits does not fulfill the spirit of the requirement that the ALJ "balance" the factors in § 404.1527. *See Cole*, 661 F.3d at 937 (If the "ALJ declines to give a treating source's opinion controlling weight, he must then *balance* the [20 C.F.R. 404.1527(d)(2)] factors to determine what weight to give it".) (emphasis added). Indeed, while the ALJ's opinion sets forth a summary of Plaintiff's visits to Dr. Grias (which he must, as Dr. Grias' treatment forms the majority of Plaintiff's medical record since his accident), the ALJ's narrative does not explain or give weight to the three-year long treating relationship between Plaintiff and Dr. Grias, nor does it account for Dr. Grias' familiarity with Plaintiff, his

9

treatment, or his response to physical therapy or medications.[3]

In *Fisk*, the Sixth Circuit held that it was imperative that the ALJ account for the nature and extent of a treating relationship when the ALJ was limiting or rejecting a treating physician's opinion in favor of another medical opinion which was not based on the record as a whole. In this case, the ALJ assigned the Dr. Grias' opinion "limited weight" without any discussion or accounting for the treating relationship or her understanding of Plaintiff's medical issues and treatment. Like *Fisk*, the explanation of the factors set forth in § 404.1527 is imperative in this case to understand the ALJ's decision to limit a treating physician's opinion where there is an extensive relationship and where the ALJ does not assign greater weight to a contradicting medical opinion. Therefore, the Court denies Defendant's objection and finds that the ALJ failed to fully comply with the explanatory requirement of the treating-physician rule such that a remand is necessary.

---

[3] The Court also notes that the ALJ finds that Dr. Grias' opinion from January 2009 is entitled to limited weight because it is not supported by objective evidence. However, the ALJ himself notes that later tests (and one predating the January 2009 opinion) reveal radiculopathy and constriction of the spinal canal which could be consistent with her findings. (Tr. 18; *See* Tr. 251-252, 333, 418, 426-27, 432-33, 443).

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Objection (Dkt. No. 17), adopts the Magistrate Judge's Report and Recommendation (Dkt. No. 16), denies Defendant's Motion for Summary Judgment (Dkt. No. 14), grants in part Plaintiff's Motion for Summary Judgment (Dkt. No. 9), and remands the decision pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

                        s/Paul D. Borman
                        PAUL D. BORMAN
                        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2014.

                        s/Deborah Tofil
                        Case Manager